

**Signed and Filed: October 22, 2009**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 09-32268 TEC |
| FELY LAZARO SMIRNOFF, aka FELY SANTIAGO, | ) Chapter 11 |
| Debtor. | ) |

**MEMORANDUM RE RELIEF FROM STAY**

    On October 5, 2009, the court held a preliminary hearing regarding the motion for relief from stay brought by secured creditor First Federal Bank of California (Creditor) regarding the real property known as 455-457 Potrero Avenue, San Francisco, California (the Property). Marc Voisenat appeared for Debtor. Edward S. Kim appeared for Creditor. The court announced at the hearing that it would require Debtor to file a written response to the motion, and it would hold a continued hearing. Upon further consideration, the court determines that relief from stay should be granted immediately.

    The Property is a three-unit residential building that is used

**MEMORANDUM RE RELIEF FROM STAY**

-1-

by Debtor solely for the generation of income.  Debtor's counsel acknowledged at the hearing that Debtor has no equity in the Property, as the amount due Creditor greatly exceeds the value of the Property.  That being the case, relief from stay must be granted unless the Property is necessary to an effective reorganization.  11 U.S.C. § 362(d)(2).  Debtor's counsel stated that the Property was essential to an effective reorganization for the following reasons: (1) Creditor's lien can be reduced to the value of the property under section 506, because the Property is not Debtor's residence; and (2) Debtor can propose a plan that will pay Creditor's allowed secured claim in full with interest over time from expected rental income, and still leave Debtor with a positive cash flow to use to pay other creditors.

    I determine that the Property is not necessary to an effective reorganization, and that relief from stay should therefore be granted, for the following reasons.

    First, Debtor does not use the Property in the operation of a business.  The Property is not a plant, store, office, or warehouse essential to the operation of a larger enterprise.  It is simply residential real property from which Debtor hopes to earn net rental income.

    Second, the court has serious questions as to whether Debtor could ever have any significant positive cash flow, if the Property is valued correctly accurately, and if the interest rate on the secured claim is determined correctly.  The Property is income-producing property and will be valued primarily on the basis of its expected net operating income.  The higher the income, the higher the value of the Property.  The debt service that Debtor must pay

**MEMORANDUM RE RELIEF FROM STAY**

from the net operating income is a function of the amount of the debt, the length of the amortization, and the interest rate. The debt service Debtor will have to pay will be very high relative to the net operating income for two reasons: (1) Debtor's scenario necessarily contemplates a loan-to-value ratio of 100 percent; and (2) the court would have to require Debtor to pay a relatively high rate of interest, and could not permit Debtor to fix an unusually long amortization period, because of the high loan-to-value ratio and Debtor's poor history of payment. Thus, it appears unlikely that the net operating income is likely to be substantially in excess of what this Debtor would have to pay to service a loan equal to 100 percent of the current fair market value of the Property.

Third, it is extremely unlikely that Debtor could confirm a plan under which he retained the Property. Debtor states that the fair market value of the property is $450,000 and that the amount due under the deed of trust held by Creditor is $770,000. If Debtor did succeed in reducing Creditor's secured claim to $450,000, Creditor would have an unsecured deficiency claim of $320,000. Section 1111(b). Debtor can confirm a plan under which he retains the Property, only if each class of unsecured creditors is paid in full (impossible here) or votes to accept the plan. Section 1129(b)(2)(B). Any unsecured creditor holding one-third of the allowed unsecured claims within a given class can block acceptance of the plan by that class. Section 1126(c). Debtor's scheduled unsecured claims total $92,500. Creditor could use its unsecured deficiency claim to block acceptance of any plan under which Debtor retained the Property.

**MEMORANDUM RE RELIEF FROM STAY**

The only way in which denial of relief from stay could legitimately further reorganization is to prevent the Creditor's deficiency claim from being asserted against other assets of the estate. The court has prevented that by granting relief from stay to permit non-judicial foreclosure, under which there will be no deficiency claim.

Cause exists to grant relief from stay.

**\*\*END OF MEMORANDUM\*\***

MEMORANDUM RE RELIEF FROM STAY

-4-

Case: 09-32268    Doc# 36    Filed: 10/22/09    Entered: 10/22/09 10:33:26    Page 4 of 5

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Marc Voisenat, Esq. |
|   | Law Offices of Marc Voisenat |
| 4 | 1330 Broadway, Suite 1035 |
|   | Oakland, CA 94612 |
| 5 | |
|   | Edward S. Kim, Esq. |
| 6 | Hemar, Rousso and Heald |
|   | 15910 Ventura Blvd. 12th Floor |
| 7 | Encino, CA 91436 |